**JOSEPH J. WISEMAN, ESQ., CSBN 107403**
**JOSEPH J. WISEMAN, P.C.**
    **1477 Drew Avenue, Suite 106**
    **Davis, California 95618**
    **Telephone:    530.759.0700**
    **Facsimile:    530.759.0800**

**Attorney for Defendant**
**EDITH MINER**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR S-07-300 MCE |
| Plaintiff, | |
| vs. | **STIPULATION AND ORDER TO CORRECT CLERICAL ERROR** (Fed.R.Crim.P 36) |
| EDITH MINER, | |
| Defendant. | |

It is hereby stipulated and agreed to between plaintiff, UNITED STATES OF AMERICA, through its counsel of record, Kyle Reardon, Assistant United States Attorney, and defendant, EDITH MINOR, through her counsel of record, Joseph J. Wiseman, to remove a condition of supervised release, which was inadvertently included in the judgment. If left uncorrected, Ms. Miner, who was convicted on four counts related to a counterfeiting scheme, would be required to register as a sex offender.

On January 10, 2008, Ms. Miner pleaded guilty to four counts related to a counterfeiting scheme. The charges she pleaded guilty to were: conspiracy to counterfeit United States currency (18 U.S.C. § 371); counterfeiting United States currency (18 U.S.C. § 471); and two counts of passing and uttering a counterfeit United States obligation (18 U.S.C. § 472). Ms. Miner was sentenced to a term of 18 months imprisonment, followed by 36 months of supervised release.

In the section of the judgment related to the conditions of her supervised release, the boxes for three conditions of release are checked. First, Ms. Miner is prohibited from possessing a firearm or other dangerous weapon. Second, she shall submit to the collection of DNA as directed by her probation officer. The third box that was checked requires her to register as a sex offender in the Eastern District of California, in the state, and in any jurisdiction where she resides, is employed or is a student. It is this condition that defendant believes was a clerical error, as her conviction was solely for counterfeiting offenses and was in no way related to any sexual offense.

The Sex Offender Registration and Notification Act (SORNA) was enacted to as a public safety measure "to protect the public from sex offenders and offenders against children." 42 U.S.C. § 16901 et seq. As a condition of supervised release, a sex offender is required to register as such in each jurisdiction in which he or she resides, works, or goes to school. 42 U.S.C. § 16913(a). A sex offender is defined as an individual who was convicted of a sex offense. 42 U.S.C. § 16911 (listing the federal statutes that are sex offenses and the characteristics of certain offenses against minors that qualify as sex offenses for purposes of the sex offender registration requirement).

The crimes Ms. Miner committed do not fall under this statute, nor could they be construed as sex offenses in any way. She was convicted of manufacturing fake currency in small denominations, of using the counterfeit money, and of conspiring with another to make and use the phony bills. No minors were involved with her scheme and there is no reason to believe she poses a risk to children because of her conduct in this criminal scheme. Ms. Miner has no history of such crimes or conduct. Rather, it appears that the check mark in the supervised release section of the judgment, which follows two other checked boxes, was marked in error. The error was only discovered now because Ms. Miner is nearing the end of her prison sentence.

Rule 36 allows correction of clerical errors in a judgment, order or other part of the record, or correction of an error in the record arising from oversight or omission. Fed. R. Crim. P. 36. Rule 36 is limited to clerical errors or errors due to oversight, and does not extend to

substantive modifications of a sentence due to incorrect application of sentencing guidelines or that result from a sentence imposed in violation of law. Clerical errors under Rule 36 may be corrected at any time. Fed. R. Crim. P. 36.

The parties to the Stipulation are not asking the court to substantively modify Ms. Miner's sentence, only to correct conditions which apply to her term of supervised release. This court, as the sentencing court in Ms. Miner's case, has the authority to correct the clerical error that added an inappropriate and unnecessary condition to Ms. Miner's supervised release.

Dated: March 4, 2009  Respectfully submitted,

JOSEPH J. WISEMAN, P. C.

By:   /s/ Joseph J. Wiseman
    JOSEPH J. WISEMAN
    Attorney for Defendant
    EDITH MINER

Dated: March 4, 2009  LAWRENCE G. BROWN
United States Attorney

By:   /s/ Kyle Reardon
    KYLE REARDON, AUSA
    Attorney for Plaintiff
    UNITED STATES OF AMERICA

**ORDER**

GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED THAT the condition of supervised release in the above-captioned case be corrected as stated.

DATED: March 12, 2009

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE